KUHMARKER MFG. CO. v. HILLS.

(Supreme Court, Appellate Term, First Department.    April 14, 1914.)

1. SALES (§ 21*)—AGREEMENTS BETWEEN SELLER AND BUYER—CONSIDERATION.
   If a contract of sale was valid, an agreement by the buyer's agent to pay a higher price than that agreed upon was without consideration.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 33–38; Dec. Dig. § 21.*]

2. APPEAL AND ERROR (§ 1177*)—REVERSAL—NECESSITY OF NEW TRIAL.
   Where the record on appeal contains no comprehensible calculation from which the exact error in the amount of the judgment could be computed, a new trial will be granted.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Kuhmarker Manufacturing Company against William Hills, Jr. From a judgment for plaintiff, after a trial without a jury, defendant appeals. Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Paul M. Crandall, of New York City, for appellant.

Mark Goldberg, of New York City, for respondent.

BIJUR, J. This action was brought to recover for the balance of the purchase price under a written agreement for wax paper furnished by plaintiff to defendant. The only questions disputed were: (1) Whether defendant had agreed with plaintiff, about a month before the end of the term covered by the agreement, that plaintiff might advance the price six-tenths of a cent per pound. (2) Whether plaintiff was entitled to charge for the paper as per net or gross weight, it being shown by defendant that the paper came inclosed in exceptionally heavy packages.

[1] It is difficult to understand on what theory of law or fact the case was tried or decided. No point seems to have been made as to the mutuality of, and consequent validity of, the written agreement. No objection was taken to the admission of the oral evidence of plaintiff which varied it; but, of course, if the agreement was valid, then the offer of defendant's agent (if his agent was authorized to make such offer) to pay an advance price, was without consideration.

[2] Defendant's testimony that the weights were to be net, and not gross, was not objected to by plaintiff, nor contradicted. Moreover, the terms of the contract would seem to so indicate. The record contains no comprehensible calculation from which the exact error in the amount of the judgment rendered can be computed.

Consequently the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.